# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON


TRACY PURVIS,                          :

      Plaintiff,                    :          Case No. 3:09cv00129

 vs.                                   :          District Judge Walter Herbert Rice
                                                   Magistrate Judge Sharon L. Ovington
JO ANNE B. BARNHART,                   :
Commissioner of the Social
Security Administration,               :

      Defendant.                    :


## REPORT AND RECOMMENDATIONS[1]


     This case is before the Court upon Plaintiff's Motion For Allowance Of Attorney

Fees Pursuant To 42 U.S.C. §406 (Doc. #17), the Commissioner's Response (Doc. #18),

Plaintiff's Reply (Doc. #19), the parties' respective Supplemental Memoranda (Doc. #s

21, 22), and the record as a whole.

     The Social Security Act provides attorney fees to a plaintiff's counsel as follows:

>      Whenever a court renders a judgment favorable to a claimant under
> this subchapter who was represented before the court by an attorney, the
> court may determine and allow as part of its judgment a reasonable fee for
> such representation, not in excess of 25 percent of the total of the past due
> benefits to which the claimant is entitled by reason of such judgment. . . .

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and
Recommendations.

42 U.S.C. § 406(b)(1); *see Damron v. Commissioner of Social Sec.*, 104 F.3d 853, 856 (6th Cir. 1997).

Plaintiff's counsel seeks an award of attorney fees pursuant to 42 U.S.C. §406(b), and a contingent-fee agreement (between Plaintiff and her counsel), equaling one-quarter of Plaintiff's past-due Disability Insurance Benefits or $9,728.00. The Commissioner does not oppose this requested award, and the evidence Plaintiff's counsel submitted supports the propriety of such an award.

Plaintiff's counsel also seeks an award of attorney fees pursuant to §406(b), and the contingent-fee agreement, equaling one-quarter of Plaintiff's past-due Supplemental Security Income. Plaintiff's counsel initially requested an award of $1,056.25 but later reduced the amount she seeks to $872.75. (Doc. #s 17, 19). The Commissioner then calculated one-quarter of Plaintiff's past-due Supplemental Security Income to be $404.87. The reduction was necessary, the Commissioner explained, due to two entries that appear to overlap on the chart Plaintiff's counsel submitted. (Doc. #21).

In response, Plaintiff's counsel submitted a new chart. She noted, "The chart the Plaintiff is now submitting should be accurate. The bottom row, which was erroneously added, has been removed. . . . After recalculation, Plaintiff should have requested $752.50 on the Supplemental Security Income past-due benefits for the periods of July 2007 through February 2010. . . ." (Doc. #22, PageID at 147-48). Review of the information and chart Plaintiff's counsel has submitted confirms her calculations. *See id.*, PageID at 155-58. Plaintiff has therefore established that one-quarter of her past-due

Supplemental Security Benefits is $752.50.

Accordingly, Plaintiff's Motion For Allowance Of Attorney Fees is well taken. The correct amount due Plaintiff's counsel pursuant to 42 U.S.C. §406(b) is $9,728.00 (one-quarter of Plaintiff's past-due Disability Insurance Benefits) plus $752.50 (one-quarter of Plaintiff's past-due Supplemental Security Income) for a total award of $10,480.50.

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's Motion for Allowance of Attorney Fees (Doc. #17) be GRANTED;

2. The Commissioner be directed to pay Plaintiff's attorney fees pursuant to 42. U.S.C. §406(b) in the total amount of $10,480.50; and

3. The case remains terminated on the docket of this Court.

April 25, 2012

        s/ Sharon L. Ovington
           Sharon L. Ovington
       United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *see also United States v. Walters,* 638 F. 2d 947 (6th Cir. 1981).